UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA A MANDEL CLEMENTE and
JAMES R. REID,

                              Plaintiffs,

        v.                                          1:08-CV-0212

THE TOWN OF NORTH GREENBUSH, at el.

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

        Plaintiffs commenced the instant action asserting violations of their civil rights

arising out of their prosecution.  Presently before the Court are motions to dismiss by

Defendant County Court Judge Patrick McGrath, Defendant former Rensselaer County

District Attorney Patricia DeAngelis, and Defendant Rensselaer County.

## I.      FACTS

        The following facts are taken from the Complaint and, for purposes of this instant

motion, are assumed to be true.

        Plaintiff Linda A. Mandel Clemente ("Clemente") was Town Attorney for the Town of

North Greenbush (the "Town") from January 1, 2002 until she resigned effective December

8, 2005.  Clemente was attorney of record for the Town on various matters pending at the

time of her resignation.  No other attorney was substituted on her behalf and, therefore, she

continued as the attorney of record on certain matters through June 2006.  On December 31,

2005, Clemente removed certain litigation files from Town of North Greenbush offices with respect to cases on which she claims to have remained attorney of record.    Clemente was charged with various crimes in relation to the removal of the files.

Various Defendants suggested that Rensselaer County District Attorney Patricia DeAngelis appoint a special prosecutor with respect to the charges against Clemente. DeAngelis opted to seek the appointment of a special prosecutor.  DeAngelis moved in the County Court pursuant to County Law § 701 for an order appointing a special prosecutor. Defendant County County Judge Patrick McGrath granted the motion.  Clemente alleges that the individual appointed as special prosecutor, Defendant Thomas O'Hearn, did not appear on the list of eligible prosecutors, failed to file the oath of office, and had no experience prosecuting criminal matters.

In or about May 2006, a grand jury was convened concerning the charges against Clemente.  Clemente was offered an adjournment in contemplation of dismissal ("ACOD") of the charges against her in exchange for her agreement to resign from her position on the North Greenbush Planning Board and waive certain of her civil rights.  Clemente accepted the deal.

In or about July and/or August 2006, Defendants sought to restore the criminal charges against Clemente on the ground that she violated the terms of her ACOD.[1]

---

[1] Plaintiff had filed a declaratory judgment action seeking to establish the validity of her status as a member of the planning board.  Plaintiff contends, however, that the declaratory judgment action was instituted before the grand jury was impaneled and the ACOD entered.

## II.        STANDARD OF REVIEW

In addressing a motion to dismiss, the Court must accept all factual allegations in the complaint and draw all reasonable inferences in Plaintiffs' favor.  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ---U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Rule 12 requires that the complaint's "[f]actual allegations be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  Id. at 1965.

## III.       DISCUSSION

### a.   Defendant McGrath

Defendant Patrick M. McGrath moves to dismiss the claims against him on the ground of absolute immunity.  The claims against McGrath are that he violated Clemente's rights by appointing a special prosecutor with respect to the criminal charges against her. McGrath contends that all the claims against him arise out of the scope of his employment as a Rennselaer County County Judge and, therefore, he is entitled to absolute immunity. Plaintiffs have not opposed this motion.[2]

Section 701 of the N.Y. County Law permits a County Court to appoint a special district attorney during the absence, inability, or disqualification of a district attorney. Accordingly, the complained of conduct attributed to McGrath was within the scope of his judicial function and he is entitled to absolute immunity.  Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347-52, 20 L.Ed. 646 (1871) (adopting common law doctrine of absolute immunity for

---

[2] In their memorandum of law, Plaintiffs state that they " concede that Defendant Judge McGrath appears to be vested with absolute immunity."  Pl.' s Mem. of Law at 2.

judges in the performance of their judicial functions); Walczyk v. Rio, 496 F.3d 139, 164-65 (2d Cir. 2007); Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999).  The claims against him are, therefore, dismissed.

### b.   Defendant DeAngelis

#### 1.   Eleventh Amendment

Defendant DeAngelis moves to dismiss on the ground that she is entitled to Eleventh Amendment immunity.  The Complaint against DeAngelis names her in her official capacity as district attorney.  It is well-settled that, when acting in her official prosecutorial capacity, a county prosecutor represents the State and is entitled to invoke Eleventh Amendment immunity.  Ying Jing Gan v. City of New York, 996 F .2d 522, 536 (2d Cir. 1993). To the extent Plaintiffs assert any claims against DeAngelis arising out of acts performed in her official prosecutorial capacity, they must be dismissed as barred by the Eleventh Amendment.

#### 2.   Immunity

Defendant DeAngelis also claims that she is entitled to immunity for her actions. The initial inquiry in reviewing an immunity defense is whether there has been a constitutional violation.  Gilles v. Repicky, 511 F.3d 289, 244 (noting that a court must first consider whether the facts viewed in the light most favorable to the plaintiff show a violation of a constitutional right).  Plaintiffs have failed to identify any such violation.

Plaintiffs argue that DeAngelis improperly sought the appointment of a special prosecutor and that her doing so violated principles of separation of powers.  They argue that they were deprived of their right to be prosecuted by someone elected, someone on the list of eligible prosecutors, someone who met the relevant statutory requirements, and someone

who was experienced as a prosecutor.  In support of their claims, Plaintiffs rely solely on the New York Court of Appeals decision in Schumer v. Holtzman, 60 N.Y.2d 46 (1983).

Plaintiffs cite to that portion of the decision in Schumer that states that "the standard for disqualifying the district attorney is especially high because such removal implicates separation of powers considerations."  Id. at 55.  This statement was made in the context of an argument that the duly elected district attorney should have been removed from a particular case because the district attorney's continued participation would present an appearance of impropriety in violation of Canon 9 of the Code of Professional Responsibility. The Court of Appeals simply noted the high standard to be applied where a party to a criminal investigation or proceeding seeks to have the district attorney disqualified.  That situation is not presented here.

Here, the facts set forth in Plaintiffs' Amended Complaint demonstrate that DeAngelis sought the appointment of a special prosecutor, Am. Compl. at ¶ 42, and that the appointment was made pursuant to a Court order issued by County Court Judge McGrath. Id. at ¶¶ 11-12.  When a district attorney is disqualified from acting in a particular case to discharge her duties, New York County Law § 701 expressly permits the district attorney to obtain a court order appointing "some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney during the . . . disqualification. . . ."  That is precisely what happened here.  The County Court approved the appointment of a special prosecutor at the request of the district attorney.  Plaintiffs have failed to articulate how this violated any right guaranteed by the United States Constitution,

including the separation of powers.[3]  This Court cannot see how the decision to seek a special prosecutor, presumably to avoid any potential conflicts of interest of appearances of impropriety, amounts to a constitutional violation.  To the contrary, such a decision evidences an effort to protect Plaintiffs' rights to a fair trial.

To the extent Plaintiffs claim any due process violations arising out of the appointment of a special prosecutor, these claims, too, must fail.  First, Plaintiffs could have sought a remedy through an Article 78 proceeding.  Schumer, 60 N.Y.2d 46.  Second, Plaintiffs could have challenged the validity of the special prosecutor's actions in the criminal proceeding itself.  Instead of challenging the authority of the special prosecutor, Plaintiff Clemente accepted an ACOD.[4]  Thus, Plaintiffs had ample due process protections.

Further, although Defendants did not raise this issue, it appears that Plaintiffs' claims against DeAngelis would violate the rule pronounced in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that a § 1983 action seeking money damages is not cognizable if a decision in favor of the Plaintiff would necessarily invalidate a criminal conviction unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ..., or called into question by a federal court's issuance of a writ of habeas corpus...."  Id. at 486-87.  Here, a judgment in Plaintiff's

---

[3]In light of the lack of any well-settled Supreme Court or Second Circuit precedent establishing a particular constitutional right to be prosecuted by an elected district attorney, an attorney with prior criminal experience, an attorney on the list of eligible special prosecutors, or an attorney who has taken the oath of office before commencing a criminal investigation and/or prosecution, DeAngelis would be entitled to qualified immunity if a constitutional violation had occurred.

Moreover, if Plaintiffs believed the appointment of the special prosecutor was improper, they had a remedy available to them; namely, an Article 78 proceeding seeking prohibition.  Schumer, 60 N.Y.2d 46.

[4] It does not appear that Plaintiff Reid was ever prosecuted.

favor that she was improperly prosecuted by someone without authority to do so would necessarily imply the invalidity of the ACOD entered on the charges against her. Shaughnessy v. Garrett, 2006 WL 3146355, at *2 (N.D.N.Y. 2006) (Scullin, J.).  Accordingly, the Heck rule precludes her claims.

### c.   **Defendant County of Rensselaer**

All the claims against the County arise out of DeAngelis's actions in seeking the appointment of a special prosecutor and the appointment of the special prosecutor by County Court Judge McGrath.  Having found that neither DeAngelis nor McGrath violated any of Plaintiffs' rights protected by the Constitution, any constitutional claims against the County also must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the motions to dismiss filed by Defendants' McGrath, DeAngelis and the County of Rennelaer are GRANTED and the Amended Complaint is DISMISSED as to those Defendants.

IT IS SO ORDERED.

Dated:April 15, 2008


Thomas J. McAvoy
Senior, U.S. District Judge