UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA A MANDEL CLEMENTE and
JAMES R. REID,

                                   Plaintiffs,

           v.                                        1:08-CV-0212

THE TOWN OF NORTH GREENBUSH, at el.

                                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiffs commenced the instant action asserting violations of their civil rights

arising out of their prosecution.  Presently before the Court are motions to dismiss pursuant

to Fed. R. Civ. P. 12 by Defendants Town of Schodack, Paul W. Peter, Mandy Edwards, and

Thomas O'Hern.

## I.    FACTS

        The following facts are taken from the Complaint and, for purposes of this instant

motion, are assumed to be true.

        Plaintiff Linda A. Mandel Clemente ("Clemente") was Town Attorney for the Town of

North Greenbush (the "Town") from January 1, 2002 until she resigned effective December

8, 2005.  Clemente was attorney of record for the Town on various matters pending at the

time of her resignation.  No other attorney was substituted on her behalf and, therefore, she

continued as the attorney of record on certain matters through June 2006.  On December 31,

2005, Clemente removed certain litigation files from Town of North Greenbush offices with respect to cases on which she claims to have remained attorney of record.   Clemente was charged with various crimes in relation to the removal of the files.

Various Defendants suggested that Rensselaer County District Attorney Patricia DeAngelis appoint a special prosecutor with respect to the charges against Clemente. DeAngelis opted to seek the appointment of a special prosecutor.  DeAngelis moved in the County Court pursuant to County Law § 701 for an order appointing a special prosecutor. Defendant County County Judge Patrick McGrath granted the motion.  Clemente alleges that the individual appointed as special prosecutor, Defendant Thomas O'Hern, did not appear on the list of eligible prosecutors, failed to file the oath of office, and had no experience prosecuting criminal matters.

In or about May 2006, a grand jury was convened concerning the charges against Clemente.  Clemente was offered an adjournment in contemplation of dismissal ("ACOD") of the charges against her in exchange for her agreement to resign from her position on the North Greenbush Planning Board and waive certain of her civil rights.  Clemente accepted the deal.  Defendant Paul Peter is the Town Justice who accepted the ACOD.

In or about July and/or August 2006, Defendants sought to restore the criminal charges against Clemente on the ground that she violated the terms of her ACOD.[1] Defendant Peter acceded to the request that the criminal charges be re-instituted.

---

[1] Plaintiff had filed a declaratory judgment action seeking to establish the validity of her status as a member of the planning board.  Plaintiff contends, however, that the declaratory judgment action was instituted before the grand jury was impaneled and the ACOD entered.

The Complaint further alleges that an article appeared on June 10, 2006 stating that Plaintiffs pleaded guilty to misdemeanor attempted petty larceny.  The article attributed this statement to Defendant Mandy Edwards, against whom Plaintiffs have asserted a claim of libel.

The Court assumes familiarity with the Court's prior Decision and Order entered on April 15, 2008.

## II.      STANDARD OF REVIEW

In addressing a motion to dismiss, the Court must accept all factual allegations in the complaint and draw all reasonable inferences in Plaintiffs' favor.  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ---U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Rule 12 requires that the complaint's "[f]actual allegations be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  Id. at 1965.

## III.      DISCUSSION

### a.    Defendant Peter

Defendant Peter moves to dismiss the claims against him on the ground of absolute immunity.  Plaintiffs concede that he is entitled to absolute judicial immunity. Accordingly, the claims against Peter are DISMISSED.

### b.    Defendant Edwards

Ordinarily, a claim for libel is subject to a one year statute of limitations. N.Y.C.P.L.R. § 215(3).  Where, however, a claim of libel is asserted against a municipal

employee acting in her official capacity, the one year and ninety day statute of limitations in N.Y. Gen. Mun. Law § 50-i applies.  Ruggiero v. Phillips, 292 A.D.2d 41, 44 (4ᵗʰ Dep't 2002).

To the extent Edwards is sued individually, the defamation claim against her must be dismissed as untimely.  Turning to her official capacity claim, Edwards argues that she was not acting within the scope of her employment when she allegedly conveyed information to the newspaper.  Defendant Edwards is identified in the Amended Complaint as the "Town of Schodack Court Clerk."  Whether Edwards was, in fact, the court clerk or whether she made the alleged statements in the course of her employment are factual determinations that cannot be resolved on a motion to dismiss.  Accordingly, the Court cannot now conclude that Edwards was acting outside the scope of her employment and, therefore, that the defamation action is time barred under C.P.L.R. § 215.  Edwards may renew this defense upon a properly supported motion for summary judgment or at trial.

### c.  Defendant O'Hern

Defendant O'Hern moves to dismiss on the ground that he is entitled to Eleventh Amendment immunity, absolute prosecutorial immunity, and that the claims against him are barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiffs oppose on the ground that O'Hern acted without actual authority because he did not file an oath of office.

It is well-settled that, when acting in his official prosecutorial capacity, a county prosecutor represents the State and is entitled to invoke Eleventh Amendment immunity. Ying Jing Gan v. City of New York, 996 F .2d 522, 536 (2d Cir. 1993).  To the extent Plaintiffs assert any claims against O'Hern arising out of acts performed in his official prosecutorial capacity, they must be dismissed as barred by the Eleventh Amendment.

- 4 -

Further, all the acts attributed to Defendant O'Hern (presenting a case to the grand jury, prosecuting Plaintiff, instituting additional or renewed charges against Plaintiff based on an alleged violation of the ACOD, and plea bargaining) are those of a prosecutor acting in a prosecutorial function.  Accordingly, O'Hern is entitled to immunity for these acts.  The fact that O'Hern may not have filed an oath of office as required by N.Y. County Law § 402 is irrelevant to the validity of his actions.  See N.Y. Public Officers Law § 15;[2] Gilmartin v. Tax Appeals Tribunal, 31 A.D.3d 1008 (3d Dep't 2006).

Lastly, as the Court previously noted as to Defendant D'Angelis, it appears that Plaintiffs' claims against O'Hern would violate the rule pronounced in Heck v. Humphrey, 512 U.S. 477 (1994).  A judgment in Plaintiff's favor that she was improperly prosecuted by someone without authority to do so would necessarily imply the invalidity of the ACOD entered on the charges against her.  Shaughnessy v. Garrett, 2006 WL 3146355, at *2 (N.D.N.Y. 2006) (Scullin, J.).  Accordingly, the Heck rule precludes her claims.

IV.     CONCLUSION

For the foregoing reasons, the motions to dismiss filed by Defendants O'Hern, Paul and Edwards in her individual capacity are GRANTED and the Amended Complaint is

---

[2] Section 15 provides, in pertinent part, as follows:

If a public officer, duly chosen, has heretofore entered, or shall hereafter enter on the performance of the duties of his or her office, without taking or filing an official oath, or executing or filing an official undertaking, as required by the constitution, section ten of this article, section twenty-five of the town law or section one hundred four of the uniform justice court act, or by any general or special law, his or her acts as such officer, so performed, shall be as valid and of as full force and effect as if such oath had been duly taken and filed, and as if such undertaking had been duly executed and filed, notwithstanding the provisions of any general or special law declaring any such office vacant, or authorizing it to be declared vacant, or to be filled as in case of vacancy, or imposing any other forfeiture or penalty for omission to take or file any such oath, or to execute or file any such undertaking. . . . (emphasis added).

DISMISSED as to those Defendants.  The motion to dismiss filed by the Town of Schodack

and Mandy Edwards in her official capacity is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.


Dated:   May 14, 2008

Thomas J. McAvoy
Senior, U.S. District Judge